UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GRUPO ACERERO S.A. de C.V.<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Court No. 22-cv-00230 |

# COMPLAINT

1.    Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff Grupo Acerero S.A. de C.V., by and through its counsel, contests the final results of the Department of Commerce in the antidumping ("AD") duty administrative review of Steel Concrete Reinforcing Bar From Mexico for the November 1, 2019 through October 31, 2020 period of review ("POR"). The contested determination was published as *Steel Concrete Reinforcing Bar From Mexico: Final Results of Antidumping Duty Administrative Review; 2019-2020,* 87 Fed. Reg. 34,848 (Dep't of Commerce June 8, 2022) ("*Final Results*").

2.    In the five AD reviews prior to the review underlying this appeal, Commerce calculated AD rates of 7.12%, 5.54%, 4.93%, 3.65%, 1.46%, 0.56%, and 0.00%. In the review underlying this appeal, Commerce also calculated a rate of 0.00% for Deacero S.A.P.I. de C.V., while it assigned Grupo Simec the total AFA rate of 66.70% for its alleged failure to cooperate. After five years of single-digit calculated rates, and a calculated rate of 0.00% in this review, Commerce unreasonably selected 33.35% as the new rate for exporters not selected for review, including plaintiff Grupo Acerero. Commerce calculated the new rate applied to Grupo Acerero by taking the simple average of the two rates determined for individual mandatory respondents

Deacero and Grupo Simec. The assignment of total AFA to Grupo Simec was not supported by substantial evidence or in accordance with law. Commerce must calculate a margin for Grupo Simec, then recalculate the rate assigned to exporters not selected for review.

3.  Even if imposing total AFA to Grupo Simec is determined to be lawful, Commerce failed to conduct the proportionality analysis required by 19 U.S.C. § 1677e(d)(2), or otherwise support with substantial evidence, the 66.70% rate (taken from the 10-year old petition) before assigning this rate to Grupo Simec. And Commerce did not conduct any meaningful analysis required regarding whether it would be unduly punitive to apply the simple-average rate of 33.35% in the context of the economic reality of an industry with calculated rates consistently at or below 7.12%. Thus, Commerce's unreasonable selection of the 33.35% rate for exporters not selected for review should be remanded for recalculation of rate consistent within the economic reality of the industry.

## **JURISDICTION**

4.  This action challenges certain factual findings, legal conclusions, and determinations in the Department's Final Results in the 2019-2020 Administrative Review on Steel Concrete Reinforcing Bar From Mexico. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. §1516a(a)(2).

5.  The standard of review, as provided in 19 U.S.C. §1516a(b)(1)(B), is whether the determinations, findings, or conclusions of the Department were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

6.  The Final Results constitute a determination involving a free trade area country (Mexico) under 19 U.S.C. §1516a(f)(9)(B) and 19 U.S.C. § 1516a(g)(1)(B). Grupo Acerero has

not been timely notified of any request for a review of this determination by a binational panel under 19 U.S.C. 1516a(g)(2).

## STANDING

7.  Plaintiff Grupo Acerero is a foreign producer and exporter of the subject merchandise, steel concrete reinforcing bar, in Mexico.

8.  Plaintiff was a party to and participated in the underlying proceeding.

9.  Therefore, Plaintiff is an interested party pursuant to 19 U.S.C. §§ 1516a(f)(3) & 1677(9)(A). Plaintiff thus has standing to commence this action under 19 U.S.C. § 1516a(a)(2)(A), (d), 28 U.S.C. §§ 2631(c) & 1581(c).

## TIMELINESS OF THIS ACTION

10. Commerce published the notice of the Final Results in the Federal Register on June 8, 2022. *See Final Results,* 87 Fed. Reg. 34,848.

11. Grupo Acerero commenced this action by filing a Summons on August 1, 2022, fifty-four days after the date of publication of the *Final Results*. Because Grupo Acerero is from Mexico, a free trade area country, the time limits set forth in 19 U.S.C. § 1516a(a)(2)(A) do not begin to run until the thirty-first day after the date on which the *Final Results* were published in the Federal Register. *See* 19 U.S.C. § 1516a(a)(5)(A); 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and 19 U.S.C. § 1516a(a)(2)(B)(iii). Accordingly, the Summons was timely filed on August 1, 2022, between the thirty-first and sixtieth day after the *Final Results* was published in the Federal Register.

12. Grupo Acerero is filing this Complaint on August 26, 2022, within 30 days after the filing of the Summons, as required by Rule 3(a)(2) of the rules of this Court. *See* USCIT R. 3(a)(2).

13.     This action is therefore timely filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A) & (g)(3), 28 U.S.C. § 2636(c), and Rule 3(a)(2) and 6(a) of this Court.

## STATEMENT OF FACTS

14.     Commerce published an antidumping duty order on steel concrete reinforcing bar ("rebar") from Mexico in 2014.  *See Steel Concrete Reinforcing Bar From Mexico: Antidumping Duty Order*, 79 Fed. Reg. 65,926 (Dep't of Commerce Nov. 6, 2014) ("*Rebar Order*").  On January 6, 2021, Commerce published a notice initiating an administrative review for the November 1, 2019-October 31, 2022 period of review covering Plaintiff Grupo Acerero and several other companies subject to the *Rebar Order*. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 511 (Dep't of Commerce Jan. 6, 2021) ("*Initiation Notice*").

15.     On February 8, 2021, Commerce issued a respondent selection memorandum, selecting Deacero and Grupo Simec as mandatory respondents in the underlying administrative review.

16.     On December 3, 2021, Commerce published the *Preliminary Results*, in which it assigned a rate of 0.00 percent to Deacero and 66.70 percent to Grupo Simec.  Grupo Simec's rate was based entirely upon the application of adverse facts available.  Commerce determined the rate to be applied to exporters not selected for review – 33.35 percent - from the simple average of the rates assigned to Deacero and Grupo Simec. *See Steel Concrete Reinforcing Bar From Mexico: Preliminary Results of Antidumping Duty Administrative Review*; *2019-2020*, 86 Fed. Reg. 68,632 (Dec. 3, 2021) ("*Preliminary Results*") and accompanying *Issues and Decision Memorandum ("Prelim I&D Memo)*.

17. Commerce justified its application of adverse facts available to Grupo Simec by stating that it had failed to cooperate by not acting to the best of its ability in correcting errors identified by Commerce and by not submitting requested information by the established deadline. *Prelim I&D Memo* at 8.

18. Commerce justified the 66.70 percent total AFA rate for Grupo Simec by simply stating its practice of selecting either the petition rate in the investigation or the highest calculated rate for any respondent in any segment of the proceeding. *Prelim I&D Memo* at 9. Commerce claimed that it did not need to corroborate that 66.70 percent AFA rate because it was a rate applied to Grupo Simec in a previous segment of the proceeding – in the investigation when Grupo Simec declined to participate at all and Commerce simply took the rate alleged in the petition. *Id.* Commerce did not conduct the proportionality analysis required by 19 U.S.C. § 1677e(d)(2), or otherwise evaluate whether the rate alleged in the petition had any remaining relevance 10 years after the petition was filed, before applying this rate to Grupo Simec.

19. Grupo Acerero submitted its case brief to Commerce on February 11, 2022, arguing that the methodology used by Commerce to determine the non-reviewed/all-others rate assigned to Plaintiff was unreasonable and unjustifiably high, as Commerce simply averaged the two rates it determined for the individual respondents while failing to address the circumstances and economic reality of the industry. Grupo Acerero argued that Commerce should instead rely on the prior all-others rate to calculate the non-reviewed/all-other rate in the underlying POR because this methodology reasonably reflected the economic reality of the industry. *Case Brief of Grupo Acerero S.A. de C.V.* ("Case Brief") at 4-9.

20. Grupo Acerero also argued Commerce failed to conduct the proportionality evaluation required by 19 U.S.C. § 1677e(d)(2) before applying the highest rate available to

5

Grupo Simec. Grupo Acerero demonstrated that using the petition rate as the AFA rate was disproportionate because Grupo Simec had put forth significant effort to respond to Commerce's questionnaires – this was not an extreme case involving fraud or refusal to participate. *Id.* at 9-13.

21. Grupo Simec also filed a case brief arguing that application of AFA to Grupo Simec was not supported by record evidence or law given its full cooperation in the review. Grupo Simec argued that it cooperated to the best of its ability amid the Covid-related losses of its antidumping accountants and the submission of questionnaire responses that statutorily qualified for use by Commerce to calculate a margin. Grupo Simec also argued that Commerce's selection of 66.70 percent, the highest possible AFA rate from the petition nearly a decade ago, was unduly punitive because it exceeded by many multiples the subsequent rates calculated by Commerce, including a calculated rate of 1.46 percent applied to Grupo Simec in a recent segment of the proceeding.

22. On June 1, 2022, Commerce issued the *Final Results* along with the *Issues and Decision Memorandum. See Steel Concrete Reinforced Bar From Mexico: Final Results of Antidumping Duty Administrative Review; 2019– 2020,* 87 Fed. Reg. 34,848 (June 8, 2022) ("*Final Results*"), and accompanying Dec. Mem. ("*Final I&D Memo*"). In the *Final Results*, Commerce continued to apply total AFA and the 66.70 percent rate to Grupo Simec without an analysis of proportionality, economic reality of the industry, or whether the petition rate has continuing relevance and reliability and refused to alter the 33.35 percent margin applied to Grupo Acerero. *See id*.

## STATEMENT OF CLAIMS

### Count One

23. Paragraphs 1 to 22 are re-alleged and incorporated herein by reference.

24. Commerce's decision to apply adverse facts available to mandatory respondent Grupo Simec based on its finding that Grupo Simec did not cooperate to the best of its ability in responding to Commerce's requests for information is not supported by substantial evidence or in accordance with law.

## Count Two

25. Paragraphs 1 to 24 are re-alleged and incorporated herein by reference.

26. Commerce's decision in the *Final Results* to apply the 66.70 percent petition rate to Grupo Simec as an adverse facts available rate without conducting a proportionality analysis required by 19 U.S.C. § 1677e(d)(2) and without evaluating the economic reality of the industry, or whether the petition rate has continuing relevance and reliability is not supported by substantial evidence or otherwise in accordance with law.

## Count Three

27. Paragraphs 1 to 26 are re-alleged and incorporated herein by reference.

28. Commerce's methodology in determining the 33.35 percent margin rate for Grupo Acerero is not supported by substantial evidence or otherwise in accordance with law.

## Count Four

29. Paragraphs 1 to 28 are re-alleged and incorporated herein by reference.

30. Commerce made other decisions in the *Final Results* resulting in an excessively high and erroneous final antidumping margin for Grupo Acerero that is not

supported by substantial evidence on the record and is otherwise not in accordance with law.

### **PRAYER FOR RELIEF AND JUDGMENT**

For the reasons stated above, Grupo Acerero respectfully requests that the Court:

(a) enter judgment in Grupo Acerero's favor;

(b) declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c) remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of the antidumping duty margin applied to Grupo Acerero; and

(d) provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Irene H. Chen
Irene H. Chen
**VCL LAW LLP**
1945 Old Gallows Road, Suite 630
Vienna, VA  22182
Tel: (301) 760-7393
Fax: (301) 263-7700
Email: ichen@vcllegal.com

Date: August 26, 2022            *Counsel to Plaintiff Grupo Acerero S.A. de C.V.*